SOUTHWEST GAS CORPORATION, a California Corporation, Appellant, v. PUBLIC SERVICE COMMISSION OF NEVADA, an Administrative Agency of the State of Nevada, and NOEL A. CLARK, EVO A. GRANATA and HEBER P. HARDY, COMMISSIONERS, Respondents.

No. 11178

August 26, 1981                               632 P.2d 1144

*Guild, Hagen & Clark,* and *Thomas J. Hall,* Reno, for Appellant.

*Richard H. Bryan,* Attorney General, *George M. Keele* and *Zev Kaplan,* Deputy Attorneys General, Carson City, for Respondents.

## OPINION

*Per Curiam:*

Southwest Gas Corporation (Southwest) filed an application for a $5,865,345 rate increase. The application was docketed by the Public Service Commission (PSC) as #776. The PSC then held hearings on the application and on November 9, 1976, issued its "Opinion and Order" authorizing Southwest to raise its rates by $1,172,330.

On November 19, 1976, Southwest filed a "Petition for Order in Erratum"[1] which pointed out errors Southwest believed the PSC had made in drafting order #776. Attached to the petition was alternative rate schedules which would produce the additional revenues Southwest believed it was entitled to.

The PSC, apparently viewing the petition as a new rate application, assigned it docket #985, and set the application for hearing on December 21, 1976. Additionally, the PSC filed a "suspension order" on November 30, 1976, deferring Southwest's use of the rates attached to the petition for 150 days beyond December 22, 1976.

On December 30, 1976, Southwest filed a complaint in the district court pursuant to NRS 704.540[2] and 704.550, alleging

---

[1]The petition alleged that the PSC erred in the following instances:

1. The PSC misconstrued NRS 704.110(3) regarding the capital structure and the cost of new securities.

2. The PSC allocated an excessive interest expense causing a material under estimate of federal income tax expense and a corresponding deficiency in the revenues produced by the rates authorized in Order #776.

[2]NRS 704.540 provides:

1. Any party in interest being dissatisfied with an order of the commission fixing any rate or rates, fares, charges, classifications, joint rate or rates, or any order fixing any regulations, practices or services, may within 90 days commence an action in the district court of the proper county against the commission and other interested parties as defendants to vacate and set aside any such order on the

that the PSC acted unlawfully and in an arbitrary, capricious, unjustified and unreasonable fashion with regard to the opinion and order issued in application #776, and the petition for order in erratum filed on November 22, 1976.

On January 5, 1977, Southwest filed a motion for a temporary restraining order, which the district court granted. On March 10, 1977, the district court suspended the operation of the PSC suspension order.

On March 22, 1977, the PSC issued its "Order Modifying Opinion and Order" in docket #776. This order authorized Southwest to increase its rates by an additional $479,506 annually.

After a trial upon Southwest's complaint before the district court, sitting without a jury, judgment favorable to the PSC was entered from which this appeal is taken.

Southwest takes the position that the PSC erred by giving its petition a new docket number and suspending the rates attached thereto. They contend that the original rate relief request in the petition should have been allowed by the district court because the PSC erred when entering its suspension order.

Southwest is asking this court to reverse the district court and vacate the suspension order #985, with the effect of granting Southwest the complete relief they requested in their petition. This is untenable. While the PSC may have caused some confusion when it docketed the petition for order in erratum as a new application, the error if any was invited by Southwest when they attached alternate rate schedules. In any event such disadvantage which Southwest might have suffered as a result of the confusion was cured when the PSC filed its modified order on March 22, 1977.

Southwest received all the relief it requested in its petition for order in erratum except for $140,077. In regards to the

ground that the rate fixed in such order is unlawful or unreasonable, or that any such regulation, practice or service fixed in such order is unreasonable.

2.   The commission and other parties defendant shall file their answers to the complaint within 30 days after the service thereof, whereupon such action shall be at issue and stand ready for trial upon 20 days' notice to either party.

3.   All actions brought under this section shall have precedence over any civil cause of a different nature pending in such court, and the court shall always be deemed open for the trial thereof, and the same shall be tried and determined as other civil actions.

4.   Any party to such action may introduce evidence in addition to the transcript of the evidence offered to the commission.

$140,077, Southwest failed to show that PSC had misconstrued NRS 704.110(3) regarding its capital structure and cost of new securities or that PSC had allocated an excessive interest expense.

The district court did not commit error in holding that the PSC's opinion and order in docket #776 as modified by its order of March 22, 1976 is lawful, just and reasonable. The object of regulation of public utilities is to provide both a fair rate of return for the utility and an adequate supply of energy at a fair price to the ratepayer. Even if we were to conclude that the PSC had made a procedural error without invitation, the ratepayer would not be required to pay a higher rate because of such error. *See generally,* NRS 704.040.

We affirm the judgment of the district court.